UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

HUGH KELLEY GILLIAM ]
    Plaintiff, ]
]
v. ] No. 1:13-0096
] JUDGE HAYNES
DEBORAH WAGONSHULTZ, et al. ]
    Defendants. ]

## MEMORANDUM

Plaintiff, Hugh Kelley Gilliam, an inmate at the Maury County Jail in Columbia, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against the Defendants: Deborah Wagonshultz, a member of the Maury County Sheriff's Department; and Enoch George, Sheriff of Maury County. Plaintiff seeks damages arising out of an injury at the Maury County Jail.

According to this complaint, on August 9, 2013, Plaintiff's finger got caught "in a faulty shower door". Plaintiff was taken to the infirmary where Plaintiff received ice for the swelling and medication for pain. Two days later, a doctor examined his injury and told the Plaintiff that he had a fractured finger. Plaintiff asserts that the doctor's examination reveals that he was not provided adequate medical attention for his injury. Plaintiff furthers alleges that the shower door has not been repaired.

The Defendants are names in their official capacities only and thus, this action seeks damages not from the individually Defendants, but from the entity for which the Defendants are agents. Pusey v. City of Youngstown, 11 F.3d 652, 657 (6th Cir.1993). In a word, "an official capacity suit

is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159,166 (1985). Thus, Plaintiff's claims are against Maury County, the municipal entity that operates the Maury County Jail. Hafer v. Melo, 502 U.S. 21,25 (1991).

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Maury County or its agent, the Maury County Sheriff's Department. Monell v. New York City Department of Social Services, 436 U.S. 658 (1978). In a word, for Maury County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. City of Canton v. Harris, 489 U.S. 378 (1989).

Plaintiff's allegations do not suggest that his rights were violated due to a policy or regulation of Maury County or the Maury County Sheriff. Thus, the Court concludes that Plaintiff fails to state a claim against the Defendants in their official capacities.

Absent an actionable claim, the Court must dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate Order is filed herewith.

ENTERED this the 5th day of September, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court